UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMERICAN BIOPHYSICS CORP.

v. No. 05-321T

DUBOIS MARINE SPECIALTIES

**DEFENDANT'S MOTION TO DISMISS**

Now comes the Defendant and hereby moves to dismiss the complaint filed by the Plaintiff. This motion is supported by the attached memorandum.

Dubois Marine Specialties
by its attorneys,
McIntyre, Tate, Lynch & Holt

David J. Strachman #4404
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the 27 day of September, 2005, I mailed a true copy of the within to:

Justin T. Shay, Esquire
Joseph A. Anesta, Esquire
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

[signature]

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMERICAN BIOPHYSICS CORP.

v. No. 05-321T

DUBOIS MARINE SPECIALTIES

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

David J. Strachman
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

TABLE OF CONTENTS

I. PLEADINGS . . . . . 1

II. DESCRIPTION OF MOTION . . . . . 1

III. FACTS . . . . . 1

IV. ISSUES . . . . . 3

V. POINTS AND AUTHORITIES . . . . . 3

A. THE COMPLAINT SHOULD BE DISMISSED FOR FORUM NON CONVENIENS . . . . . 3

1. THERE IS AN ADEQUATE ALTERNATIVE FORUM FOR THIS DISPUTE . . . . . 4

2. THE BALANCING OF PRIVATE INTEREST FACTORS FAVORS DISMISSAL . . . . . 4

a. ACCESS TO SOURCES OF PROOF . . . . . 5

b. AVAILABILITY OF PROCESS FOR AND COST OF OBTAINING WITNESSES . . . . . 5

c. ENFORCEMENT OF JUDGMENT . . . . . 6

3. THE BALANCING OF PUBLIC INTEREST FACTORS FAVORS DISMISSAL . . . . . 7

a. CANADA'S INTEREST IN THIS SUIT FAVORS IT AS THE APPROPRIATE FORUM . . . . . 7

b. THE UNITED NATIONS CONVENTION FOR THE INTERNATIONAL SALE OF GOODS GOVERNS THIS DISPUTE . . . . . 8

c. COMPLETE RELIEF BETWEEN THE PARTIES CANNOT BE ACCOMPLISHED IN RHODE ISLAND COURTS . . . . . 8

B. DEFENDANT'S CONTACTS WITH RHODE ISLAND DO NOT JUSTIFY THE EXERCISE OF PERSONAL JURISDICTION. . . . . . 9

1. GENERAL JURISDICTION IN THIS CASE IS ABSENT . . . . . . . . . . . 9

2. DEFENDANT DOES NOT HAVE MINIMUM CONTACTS WITH RHODE ISLAND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Donatelli v. Nat'l Hockey League, 893 F.2d 459 (1st Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . 10

Everett/Charles Contact Products, Inc. v. Gentec, S.A.R.L. and Gassner, 692 F. Supp. 83 (D.R.I. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Farmanfarmaian v. Gulf Oil Corp, 588 F.2d 880 (2d Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . 6

Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 7

Hanson v. Denckla, 357 U.S. 235 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984) . . . . . . . . . . . . . . . . . . . . . .9

International Shoe Co. v. Washington, 326 U.S. 310 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . .10

Nowak v. Tak How Invs., 94 F.3d 708 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Pain v. Technologies Corp., 205 U.S. App. D.C. 229 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 5

Royal Gist-Brocades v. Sierra Products Ltd., 1999 LEXIS 12414, 15 (E.D. Pa. 1999) . . . . . . . . 7

Shaffer v Heitner, 433 U.S. 186 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States of America v. Swiss American Bank, Ltd., 274 F.3d 610 (1st Cir. 2001) . . . . . . . 10

## I. PLEADINGS

Plaintiffs filed a simple three count complaint alleging breach of contract, a book account claim and indebtedness for goods sold and delivered. There are no other pleadings thus far.

## II. DESCRIPTION OF MOTION

This is an action by a Rhode Island manufacturer of insect mitigation systems alleging that a Manitoban distributor failed to pay $610,498.69 for the product pursuant to an agreement. Defendant moves for dismissal on the basis of forum non conveniens and lack of personal jurisdiction.

## III. FACTS

1. American BioPhysics Corporation ("ABC") of Rhode Island is a large manufacturer of insect mitigation systems with customers throughout the world. (Exhibit A)

2. ABC employs approximately 150 people at its North Kingstown headquarters and seasonally employs several hundred others at three additional Rhode Island locations. Its products are available in over 7500 outlets in the U.S. alone and has wide distribution in Europe, Asia and South America. Id.

3. ABC CEO Jeff Adam reports that there are some 400,000 Mosquito Magnets in circulation. Additionally, through at least 50 dealers and 7,500 outlets, ABC now sells Magnets on every continent but Antarctica. Id.

4. Mosquito Magnets are medium sized units, weighing 45 pounds, and use a combination of chemicals and moisture to attract and vacuum mosquitoes. Id.

5. Dubois Marine Specialties Ltd. ("Dubois") is a small, Manitoba based, family run, recreational vehicle dealership, in operation since 1975. (Exhibit B)

6. ABC and Dubois entered into a Distributorship Agreement on February 19, 2002. (Exhibit C)

7. This agreement was the first time Dubois had engaged in distributorship. Dubois has never had any other distributorship arrangement with any other manufacturer. (Exhibit B)

8. Other than telephone calls, faxes and mail, Dubois has no contacts with Rhode Island. Id.

9. After entering into the agreement with ABC, Dubois set up a network of over 100 Canadian dealers to distribute ABC's products. Id.

10. Shortly after Dubois started distributing ABC's products, it began receiving an extreme amount of complaints about the product. Id.

11. Although ABC claims the product would operate for five years, the products started failing after the first year of use. Id.

12. Many of the complaining customers were faithful prior Dubois customers whose business has subsequently been lost. Id.

13. ABC agreed to send replacement parts to placate some of the unsatisfied customers. These replacements did not work and ABC then refused to take back the defective replacement parts. Id.

14. As a result of the failure of the product to perform and ABC's failure to provide repair and service centers in Canada as promised, as well as to service and warranty the product, Dubois' dealership network collapsed. Id.

15. Additionally, ABC violated and undermined the agreement with Dubois when it began selling to Dubois' competitors, including Canadian Tire. Id.

16. In many cases the dealers then refused to pay Dubois for the product. Id.

17. ABC has refused to take back their defective products from Dubois. Id.

## IV. ISSUES

A. Whether Rhode Island is the proper forum to resolve the allegations in Plaintiff's complaint, Defendant's counterclaims, claims of dealers and customers and to provide complete relief to all interested parties.

B. Whether this court can exercise personal jurisdiction over the Defendant.

## V. POINTS AND AUTHORITIES

### A. THE COMPLAINT SHOULD BE DISMISSED FOR FORUM NON CONVENIENS

Dubois Marine Specialties moves to dismiss this action on the basis of forum non conveniens. Plaintiff's claims and Defendant's counterclaims should be heard in Canada. This Court may dismiss this action for forum non conveniens "where an alternative forum is available in another country that is fair to the parties and substantially more convenient for them or the courts." Nowak v. Tak How Invs., 94 F.3d 708, 719 (1st Cir. 1996). Here there is both an alternative forum that has jurisdiction over this dispute, and the balance of private and public interests favors dismissal of this case.

Once an adequate alternative forum is alleged, the court must then balance the "private interest factors" relevant to the convenience of the litigants and the "public interest factors" relevant to the convenience of the forum court. Everett/Charles Contact Products, Inc. v. Gentec, S.A.R.L. and Gassner, 692 F.Supp. 83, 88 (D.R.I. 1988), *citing* Gulf Oil Corp. v Gilbert, 330 U.S. 501, 508 (1947). The Manitoba Court of Queen's Bench, a court of general jurisdiction, is an adequate alternative forum and the balance of public and private factors favors the

adjudication of this case in Canada. Therefore, the court should dismiss this case for forum non conveniens.

Further, Dubois will raise counterclaims that must be adjudicated in Canada. Also, the claims of customers and dealers will be heard in Manitoba. Lastly, as Defendant has no business activity or assets in the United States, in the unlikely event that Plaintiff would prevail on its claims, enforcement proceedings in Canada would be necessary. Thus, to afford complete relief as between the parties (and others), this matter must be decided in the Manitoba Queen's Bench Court.

1. THERE IS AN ADEQUATE ALTERNATIVE FORUM FOR THIS DISPUTE

For purposes of a forum non conveniens analysis, a foreign forum is ordinarily considered adequate if the "defendants are amenable to process in the other jurisdiction." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981). Dubois is incorporated and operates exclusively in Canada and is amenable to service of process there. The Manitoba court will also recognize plaintiff's claims and offer adequate remedies to all concerned, ABC, Dubois, and the local dealers and consumers who purchased the defective product. As the Queen's Bench Act gives the Manitoba Court of Queen's Bench general jurisdiction over the types of claims raised by this controversy, this dispute can be readily litigated in that court. (Exhibit D) Therefore, Canada is an alternative forum.

2. THE BALANCING OF PRIVATE INTEREST FACTORS FAVORS DISMISSAL

The U.S. Supreme Court has provided an illustrative list of relevant considerations in reviewing a motion to dismiss for forum non conveniens. All of the factors point to Canada as the appropriate forum for this dispute.

The factors relevant to the private interests of the litigants include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action." Gulf Oil Corp. v Gilbert, 330 U.S. at 508. Another significant factor is the inability to enforce the judgment in the Plaintiff's chosen jurisdiction. Id. However, this is not an exhaustive list. The doctrine of forum non conveniens is "flexible," its "contours" are not "rigid," and courts may take account of many "considerations" related to fairness and convenience. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249 (1981). The balancing of the private interests here point to Canada as the appropriate forum for this litigation.

a. ACCESS TO SOURCES OF PROOF

The overwhelming quantum of the evidence relevant to the dispute between the parties is located in Canada. Virtually all witnesses, documentary and physical evidence are located there. The relevant events surrounding the Plaintiff's claims took place in Canada and not the United States. The evidence relating specifically to the Defendant's counterclaims (breach of contract, breach of warranty, misrepresentation and indemnification) are located in Canada. The faulty products which will be the focus of Dubois' counterclaims are also exclusively in Canada.

b. AVAILABILITY OF PROCESS FOR AND COST OF OBTAINING WITNESSES

Virtually all of the witnesses necessary for the complete adjudication of this dispute are exclusively in Canada. The numerous complaining dealers and their customers (who purchased the defective insect mitigation units) and Dubois staff (who were witnesses to ABC's breach and subsequent activities) are all Canadian residents.

The fact that "evidence of the breach . . . [and] major witnesses . . . [will] most likely come from" a foreign country "weigh[s] heavily" in favor of declining jurisdiction on forum non conveniens grounds. Farmanfarmaian v. Gulf Oil Corp, 588 F.2d 880, 881 (2d Cir. 1978).

Although depositions from foreign witnesses pursuant to Fed.R.Civ.P. 28(b)(3) are available in theory, implementing this process is complex, time consuming and would require the cooperation of the Manitoban Courts to compel depositions by letters rogatory. Further, execution of the letters rests upon principles of international comity, and is in that sense discretionary. Pain v. Technologies Corp., 205 U.S. App. D.C. 229, 264 (1980). Further, the sheer cost of obtaining the depositions from numerous Canadian witnesses would also make it inequitable to have this case litigated in Rhode Island.

The court in Pain stated that where most of the documents and testimonial evidence were outside the United States and were immune from compulsory process of American courts, "if trial were to be conducted in the United States, the inability of both parties to obtain the full panoply of relevant . . . evidence would greatly hinder fair resolution of the dispute." Pain, 205 U.S. App. D.C. at 263.

However, even if the depositions and letters rogatory could easily be obtained, Dubois would be disadvantaged by not being able to produce live witnesses at trial as there is no way to compel the appearance of Canadian witnesses in Rhode Island. This would greatly interfere with Dubois' ability to present its case and unjustly aids ABC.

c. ENFORCEMENT OF JUDGMENT

Dubois has no assets in the United States of any kind. It conducts no business in the United States other than to purchase products through telephone or mail. Therefore, any judgment in this action would be only enforceable in Canada. The *Reciprocal Enforcement of*

*Judgments Act,* R.S.M.1987 c. J-20 and the *Enforcement of Judgments Conventions Act,* C.C.S.M c. E117 allow for judgments to be registered in Manitoba provided that they come from reciprocating states. (Exhibits E and F). As Rhode Island is not a reciprocal state pursuant to these statutes, ABC will be unable to automatically domesticate a potential judgment. It would be required to sue on the judgment which would entail further proceedings and would involve relitigating the underlying issues. These considerations have been found relevant in similar situations,

> Defendants have no appreciable asset in the United State and the plaintiffs acknowledge that any judgment in this action would be efficacious only if enforced by the courts in Canada. Such proceedings, should plaintiffs prevail, would necessarily involve additional effort and expense. As plaintiffs' objective is to obtain actual relief and not merely a judgment, it is not unreasonable to consider the potential time, effort and expense of securing relief in assessing the ease and efficiency with which the litigation could be conducted. When this is considered, the factor of practicality weighs in favor of litigating in Vancouver

Royal Gist-Brocades v. Sierra Products Ltd., 1999 LEXIS 12414, 15 (E.D. Pa. 1999). In order to avoid two separate trials, this court should dismiss this action and allow the parties to pursue complete relief with respect to all claims in Canada.

### 3. THE BALANCING OF PUBLIC INTEREST FACTORS FAVORS DISMISSAL

The balancing of the public interests involved overwhelmingly favors Canada as the appropriate forum to resolve all of the issues between the parties. The relevant factors include the "local interest in having localized controversies decided at home" and the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law. Gulf Oil Corp. v. Gilbert, 330 U.S. at 509.

#### a. CANADA'S INTEREST IN THIS SUIT FAVORS IT AS THE APPROPRIATE FORUM

Plaintiff seeks damages for an alleged breach and activities that occurred in Canada by Canadian defendants. The agreement between the parties was signed and executed in Canada. Defendant's counterclaims involve injury to Canadian citizens and businesses. Also, to provide complete relief, the claims of Canadian citizens (customers and dealers) necessarily must be resolved at the same time. Canada, therefore, has a strong interest in adjudicating this dispute and the entire litigation should occur there.

b. THE UNITED NATIONS CONVENTION FOR THE INTERNATIONAL SALE OF GOODS GOVERNS THIS DISPUTE

The United Nations Convention On Contracts For The International Sale of Goods ("CISG") governs the contract for the sale of goods between these parties. (Exhibit G) The United States and Canada are both signatories to CISG, thus its terms govern the agreement between ABC and Dubois. Parties may opt out of CISG but only if the agreement clearly and "expressly" negates its effect. C.C.S.M. c. S11 §6 (Exhibit H). The agreement between the parties here contains no such language "expressly" negating the affects of CISG. The clause stating "the law of Rhode Island will apply" is in no way an express negation of CISG. Therefore, the provisions of CISG will govern this action, not Rhode Island law, and the court resolving this dispute need not have any expertise in applying Rhode Island law. Thus, there is no reason to have this matter heard in Rhode Island.

c. COMPLETE RELIEF BETWEEN THE PARTIES CANNOT BE ACCOMPLISHED IN RHODE ISLAND COURTS

Plaintiff's claim against defendant comprises only one aspect of the litigation between these parties. For the reasons outlined above, the Dubois' counterclaims should be litigated in Canada. Additional litigation in Canada will include the claims of customers and dealers against

American Biophysics Corp. Lastly, if the Plaintiff were to obtain judgment, the enforcement proceeding would occur in Canada and involve re-litigation of these issues a second time. To avoid piecemeal litigation and in the interests of justice and efficiency, these disputes should be litigated in their entirety one time, in one forum – Canada.

### B. DEFENDANT'S CONTACTS WITH RHODE ISLAND DO NOT JUSTIFY THE EXERCISE OF PERSONAL JURISDICTION

Dubois' second ground for dismissal is for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) as it has insufficient contacts with this forum to justify exercising jurisdiction. This court's exercise of jurisdiction over Dubois would violate due process concerns and maintenance of this suit will offend traditional notions of fair play and substantial justice.

#### 1. GENERAL JURISDICTION IN THIS CASE IS ABSENT

General jurisdiction exists when the cause of action is unrelated to the defendant's contacts but the defendant has engaged in "continuous and systematic" activities within the forum. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414-416 (1984). As stated above, Dubois' contacts with Rhode Island are virtually nonexistent.

Over the last ten years only one Dubois employee has traveled to the United States. No employee has ever traveled to Rhode Island. Dubois has no agents or salesmen within Rhode Island. It does not have an office in Rhode Island (or the U.S.) and has no assets here. Defendant has not been involved in litigation in the United States. The only contact Dubois has had with the forum consists of fax, mail, and telephone calls to ABC. Dubois solicits no business in Rhode Island and its former distributorship network and customers consists of exclusively Canadian dealers. (Exhibit B).

In reviewing the defendant's contacts, "if the same do not exist in sufficient

abundance . . . the inquiry ends." Donatelli v. Nat'l Hockey League, 893 F.2d 459, 465 (1st Cir. 1990). As Dubois does not have a sufficient abundance of contacts with Rhode Island or the United States, general jurisdiction is absent.

2. DEFENDANT DOES NOT HAVE MINIMUM CONTACTS WITH RHODE ISLAND

Due process considerations provide protection to a defendant having no meaningful "contacts, ties, or relations" with the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985), *citing* International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Dubois' contacts with Rhode Island and the U.S. are de minimis at best. At no time did it "purposely avail" itself of this forum or "reasonably anticipate" out-of-state litigation. Hanson v. Denckla, 357 U.S. 235 (1958).

The existence of an agreement between the parties is also insufficient to assert personal jurisdiction over the Defendant. The court in Burger King developed what has been described as a "contract-plus" analysis in analyzing the relationship between contracting parties. Burger King, 471 U.S. at 478. Merely entering a contract cannot confer jurisdiction, "A contract, by itself, cannot automatically establish minimum contacts." United States of America v. Swiss American Bank, Ltd., 274 F.3d 610, 620 (1st Cir. 2001). Dubois never sent staff to Rhode Island in connection with the contract and never directly engaged in any business within this forum. The relationship between the parties involved no in-forum conduct and therefore does not satisfy the Burger King "contract-plus" requirement. The lack of contacts with this forum makes the maintenance of this suit an offense to traditional notions of fair play and substantial justice. Shaffer v Heitner, 433 U.S. 186, 203 (1977). Therefore, the court should dismiss this action for lack of personal jurisdiction.

Dubois Marine Specialties
by its attorneys,
McIntyre, Tate, Lynch & Holt

David J. Strachman #4404
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the 27th day of September, 2005, I mailed a true copy of the within to:

Justin T. Shay, Esquire
Joseph A. Anesta, Esquire
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903