UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND


AMERICAN BIOPHYSICS CORP.

    Plaintiff,

v.                                                           C.A. No. 05-321-T

DUBOIS MARINE SPECIALTIES,
A/K/A DUBOIS MOTOR SPORTS

    Defendant.


**MEMORANDUM AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

American Biophysics Corporation ("ABC") brought this action against Dubois Marine Specialties ("Dubois") for breach of contract or, alternatively, to recover on book account or for goods sold and delivered. Dubois has moved to dismiss on the grounds of forum *non conveniens* and lack of personal jurisdiction. For reasons hereinafter stated, that motion is denied.

### Background

ABC is a Delaware corporation with its principal place of business in North Kingstown, Rhode Island. Dubois is a Canadian corporation with its principal place of business in Selkirk in the Province of Manitoba, Canada.

On February 19, 2002, the parties entered into a "Non-

1

Exclusive Distributorship Agreement" (the "Agreement"), pursuant to which Dubois was to purchase and resell "Mosquito Magnets" manufactured by ABC, which are designed to attract and kill mosquitoes. Agreement ¶ 1. The Agreement required Dubois to make payment within thirty (30) days after receiving ABC's invoice and it provided for interest on overdue amounts "at the greater of (a) eighteen percent (18%) per annum or (ii) the highest rate of interest allowed by the laws of the State of Rhode Island." Agreement ¶ 2b).

Subsection 11h) of the Agreement provided:

> This Agreement shall be construed and enforced in accordance with the laws of Rhode Island. The parties agree that the courts of the State of Rhode Island, and the Federal Courts located therein, shall have exclusive jurisdiction over all matters arising from this Agreement.

The complaint alleges that Dubois owes $513,985.94 for goods sold and delivered, plus $96,512.75 in interest accrued through July 22, 2005, the date on which suit was commenced.

In support of its motion to dismiss, Dubois has filed an affidavit stating, in effect, that it has no contacts with Rhode Island; an excerpt from the United Nations Convention on Contracts For The International Sale of Goods, 1980 ("CISG"); and copies of Manitoba statutes that deal with excluding the CISG from contracts to which it might otherwise apply.

2

## **Analysis**

### I. Effect of Forum Selection Clause

It is well established that a party may waive its right to challenge personal jurisdiction by entering into a contract that contains a forum selection clause. Microfibres Inc. v. McDevitt-Askew, 20 F.Supp. 2d 316 (D.R.I. 1998)(defendant may waive her right to challenge personal jurisdiction by agreeing to a forum selection clause.) See National Equip. Rental Ltd. v. Szukhent, 375 U.S. 311, 315-16, 84 S.Ct. 411, 414, 11 L.Ed. 2d 354 (1964)("parties to a contract may agree in advance to submit to the jurisdiction of a given court.").

It is equally well established that a party that has agreed to be bound by a valid forum selection clause cannot assert forum *non conveniens* as a ground for dismissing a suit brought in the chosen forum. See Royal Bed and Spring Co., Inc. v. Famossul Industria E Comercio de Moveis LTDA., 906 F.2d 45, 49 (1st Cir. 1990) ("[A] showing of inconvenience as to a foreign forum would not be enough to hold a forum-selection clause unenforceable, especially if that inconvenience was known or contemplated by the parties at the time of their agreement."). Therefore, in this case, the threshold question is whether the forum selection clause contained in subsection 11(h) of the Agreement between ABC and Dubois is valid and binding.

II. <u>Validity of Subsection 11(h)</u>

Forum selection clauses are considered "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." <u>The Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed. 2d 513 (1972). Thus, a party challenging a forum selection clause must present "evidence of fraud, undue influence, overweening bargaining power or such serious inconvenience in litigating in the selected forum that it is effectively deprived of its day in court." <u>Fireman's Fund Am. Ins. Cos. v. Puerto Rican Forwarding Co.</u>, 492 F.2d 1294, 1297 (1st Cir. 1974).

Here, Dubois has made no such showing. Dubois has presented no evidence of fraud or undue influence and has made no showing that litigating this dispute in Rhode Island, as agreed, would, effectively, deprive Dubois of its day in court. <u>See</u> <u>Fireman's Fund Am. Ins. Cos.</u>, 492 F.2d at 1297 (burden is on the resisting party to present evidence that "it is effectively deprived of its day in court."). Dubois hints at suggesting that Subsection 11(h) should be viewed as a contract of adhesion by describing ABC as a "large manufacturer" with "customers throughout the world" and by characterizing its own operation as a "small, Manitoba based, family run" dealership. However, Dubois states that it has organized a network of over 100 Canadian dealers to distribute the Mosquito Magnets and that its annual gross revenue exceeds

4

$1,000,000, and there is no indication that it was under any compulsion to enter into the Agreement with ABC.

Dubois also claims that this is an inconvenient forum because it intends, in the future, to "raise counterclaims that must be adjudicated in Canada." However, no such claims have yet been brought and Dubois offers no reason why they could not be litigated in this Court.

Moreover, while it may be inconvenient for Dubois to litigate in Rhode Island rather than in Manitoba, it would be equally inconvenient for ABC to litigate in Manitoba. Nor has Dubois established that litigation in the contractually chosen forum would establish "such oppressiveness or vexation...as to be out of all proportion to plaintiff's convenience." See Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524, 67 S.Ct. 828, 831-32, 91 L.Ed. 1067 (1947).

III. Effect of CISG

Dubois seeks to avoid the forum selection clause by asserting that the Agreement with ABC is governed by the United Nations Convention on Contracts for the International Sale of Goods, ("CISG"), codified at 15 U.S.C. App. (West 1998), to which the United States and Canada are both signatories, but it fails to explain how the CISG would preclude this action from being brought here.

In any event, it appears that the CISG is inapplicable. The

5

CISG governs "contracts for the sale of goods where the parties have places of business in different nations, the nations are CISG signatories, and the contract <u>does not contain a choice of law provision</u>." <u>Amco Ukrservice v. Am. Meter Co.</u>, 312 F.Supp. 2d 681, 686 (E.D. Pa. 2004) (emphasis added); <u>see</u> 15 U.S.C. App. at Art. 1(1)(a). More specifically, Chapter I, Article 6 of the CISG provides that: "The parties may exclude the application of this Convention or, subject to Article 12, derogate from or vary the effect of any of its provisions."

Here, as already noted, subsection 11(h) of the Agreement provides that the Agreement "shall be construed and enforced in accordance with the laws of the state of Rhode Island." That provision is sufficient to exclude application of the CISG. <u>Delchi Carrier SpA v. Rotorex Corp.</u>, 71 F.3d 1024, 1028 n.1 (2d Cir. 1995)("[T]he Convention makes clear that the parties may by contract choose to be bound by a source of law other than the CISG, ..."); <u>Viva Vino Import Corp. v. Farnese Vini S.R.L.</u>, 2000 WL 1224903, at *1 (E.D. Pa. Aug. 29, 2000) (CISG governs contracts for sale of goods between parties of signatory nations "unless the contract contains a choice of law provision to the contrary."); <u>Fercus, S.R.L. v. Palazzo, MP</u>, 2000 WL 1118925, at *3 (S.D.N.Y., Aug. 8, 2000) (CISG applies to sale of goods when "the contract between the parties does not have a choice of law provision."); <u>Claudia v. Olivieri Footwear Ltd.</u>, 1998 WL 164824,

6

at *4 (S.D.N.Y., April 7, 1998)("When two foreign nations are signatory to this Convention...the Convention governs contracts for the sale of goods...absent a choice-of-law provision to the contrary.").

Dubois argues that subsection 11(h) does not "expressly" exclude the application of CISG as required under Manitoba law. However, Manitoba law does not apply. Furthermore, even if Manitoba law did apply and even if the CISG called for a different forum, the forum selection clause does "expressly" vest jurisdiction in this Court. See Summit Packaging Sys., Inc. v. Kenyon & Kenyon, 273 F.3d 9, 13 (1st Cir. 2001) ("[W]hen parties agree that they 'will submit' their dispute to a specified forum, they do so to the exclusion of all other forums."); see also Lambert v. Kysar, 983 F.2d 1110, 1116 (1st Cir. 1993) (forum selection clause will be enforced "'where venue is specified with mandatory language.'") (quoting Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 764 (9th Cir. 1989)).

## Conclusion

For all of the foregoing reasons, Dubois's motion to dismiss is denied.

IT IS SO ORDERED,

_Ernest C. Torres_
Ernest C. Torres, Chief Judge
Date: January 30, 2006