UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMERICAN BIOPHYSICS CORP.

v. No. 05-321T

DUBOIS MARINE SPECIALTIES

**ANSWER AND COUNTERCLAIM**

1. Admitted.

2. Dubois Marine Specialties, Ltd. is a corporation organized under the laws of Canada.

3. Denied.

4. Denied.

5. Admitted.

6. Admitted.

7. Denied.

8. While this allegation does not call for a response, to the extent it may be construed as doing so, said allegation is denied.

9. Admitted.

10. Denied.

11. Denied.

12. While this allegation does not call for a response, to the extent it may be construed as doing so, said allegation is denied.

13. Denied.

14. While this allegation does not call for a response, to the extent it may be construed as doing so, said allegation is denied.

15. Denied.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. The Plaintiff's claims are barred by the doctrine of waiver.

3. The Plaintiff's claims against Defendant are barred by the doctrine of estoppel.

4. The Plaintiff's claims against Defendant are barred by the doctrine of laches.

5. The Plaintiff's claims against Defendant are barred by the doctrine of unclean hands.

6. The Plaintiff's claims against Defendant are barred by the failure of consideration.

7. The Plaintiff has failed to join parties who are indispensable to the adjudication of this matter.

8. The Plaintiff's claims are barred by the doctrine of lack of privity.

9. The Plaintiff has proximately caused, contributed to, or failed to mitigate his alleged losses and damages, if any.

10. The Plaintiff's claims against Defendant are barred by failure of service.

11. The Plaintiff's claims against Defendant are barred by lack of subject matter and personal jurisdiction.

12. Plaintiff's complaint for damages is offset by damages suffered by defendant resulting from Plaintiff's breach of the distributorship agreement.

13. Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation.

WHEREFORE, Defendant prays that this Honorable Court deny and dismiss Plaintiff's complaint.

## COUNTERCLAIM

1. Dubois Marine Specialties Ltd. ("Dubois") is a small, Manitoba based, family run, recreational vehicle dealership, in operation since 1975 and incorporated under the laws of Canada.

2. Defendant in Counterclaim American Biophysics Corp. ("ABC") is a corporation organized and incorporated under the laws of the State of Rhode Island.

## COUNT I
## BREACH OF CONTRACT – GOOD FAITH

3. ABC and Dubois entered into a Distributorship Agreement (the "Agreement") on February 19, 2002.

4. As a result of discussions prior to entering into the Agreement, ABC knew that this business enterprise with ABC was Dubois' first involvement with a distributorship of product and that Dubois never had engaged previously in a distributorship arrangement with any other manufacturer.

5. Prior to entering into the Agreement ABC knew that in reliance on the distributorship agreement with ABC, Dubois was setting up a network which ultimately was comprised of over 100 Canadian dealer distributors, consisting of other small retail operators, to distribute ABC's Mosquito Magnet units.

6. Prior to entering into the Agreement, ABC knew that in this distribution system the retail operators would purchase the product through Dubois as middleman and for a small markup sell the ABC products to consumers.

7. Through this distribution network, ABC was able to promote its product line of Mosquito Magnet units throughout Canada.

8. While the Agreement was non-exclusive, ABC knew that Dubois was seeking to "put all its eggs in one basket" by refocusing its business plan toward the exclusive marketing and distribution of ABC Mosquito Magnet units.

9. Subsequent to entering into the non-exclusive agreement, Dubois and George Yapchaian ("Yapchaian"), a principal of ABC, discussed ABC's need to assist the distribution network by ABC's avoiding direct sales to deep discount box stores, like Wal-Mart, with whom small private retailers purchasing from a middleman distributor at a small markup could not compete.

10. Yapchaian, on behalf of ABC, specifically committed to Dubois that ABC would not sell to Canadian Tire, a direct discount retail box store operating throughout Canada, for a period of one year next following the date of execution of the Agreement and further committed that sales to Canadian Tire would be limited to

basic models only, in order that Dubois' dealer network would have exclusive rights to ABC's high end product and thereby provide the incentive for the small dealers to continue buying from Dubois as the distributor.

11. Almost immediately after Dubois set up his 100 dealer distribution network promoting the Mosquito Magnet and thereby providing name recognition for the Mosquito Magnet throughout Canada, ABC immediately began accepting and filling orders from Canadian Tire, including the high end pro models ABC had committed to sell to Dubois exclusively.

12. Thus after obtaining name recognition in Canada for Mosquito Magnet by means of promotion by the distributorship network established by Dubois, ABC undermined Dubois and that distributorship network by selling product, including its high end pro models reserved exclusively to Dubois' network, directly to Canadian Tire, against whom, as a result of its pricing structure, Dubois' retail distribution network could not compete.

13. The Uniform Commercial Code at Article II imposes on merchants an obligation of "good faith," defined at 6A 2 103 (1)(b) as "in the case of a merchants honesty in fact in observance of reasonable commercial standards of fair dealing in the trade."

14. With full knowledge of both Dubois' commitment and contractual obligation under the Agreement to promote the Mosquito Magnet through a distribution network of retailers, and having committed not to sell to Canadian Tire for a period of one year from the date of execution of the Agreement, and to sell its high end pro models exclusively to Dubois, ABC breached the Agreement and its implicit requirement of "good faith" by selling to Canadian Tire.

15. Pursuant to the Agreement, ABC was to sell to Dubois the Mosquito Magnets at an agreed upon price.

16. Several of ABC's billing invoices bore prices at variance with and at prices greater than that agreed upon by the parties.

17. ABC also shipped product after the time limit set forth in Dubois' purchase order and after Dubois had cancelled that order, since the trade show for which Dubois had sought the product subject to the order had concluded.

18. As a result of the discrepancy between the agreed upon purchase price per product and the price of same as reflected in ABC's billing invoices, ABC and Dubois entered into negotiations whereby ABC consented to reduce the retail price to conform to the price previously agreed upon between the parties.

19. The negotiations broke down as a result of ABC's failure to meet its obligations pertaining to its warranty as set forth in the Agreement.

20. Preliminary to executing the Agreement, Dubois inquired and obtained literature from ABC representing that the Mosquito Magnet units would work effectively for a period of five years.

21. Notwithstanding that representation, Paragraph 4(b) of the Agreement states that "Distributor (Dubois) will make no representations, guarantees or warranties regarding the performance or functional characteristics of the Products beyond those stated in the manufacturers' printed literature and brochures …"

22. The manufacturer's printed literature and brochures provided that ABC provided to Dubois for distribution to consumers provided limited warranties of one year.

23. Notwithstanding even the reduced one year limited warranty, numerous Mosquito Magnet units failed to perform prior to expiration of the limited warranty period.

24. Paragraph 5 of the Agreement dealing with product warranty policies states that

> Manufacturer shall provide to distributor information with respect to manufacturer's limited warranty extended to the original consumer of manufacturer's product. The distributor shall direct any original consumer with a warranty claim to follow manufacturer's warranty procedures. Notwithstanding the foregoing, the <u>Distributor may, with manufacturer's prior written permission, accept the return of an allegedly defective manufacturer's product, in which case this distributor shall have the same rights and obligations as the original consumer and manufacturer shall have no obligations to such consumer.</u> (emphasis added)

25. As a result of the failure of numerous Mosquito Magnet units to operate properly prior to expiration of ABC's limited warranty period, in reliance on paragraph 5 of the Agreement and with ABC's prior approval, Dubois took back numerous defective Mosquito Magnet units from its consumers, seeking reimbursement from ABC.

26. ABC breached its obligation to Dubois under Paragraph 5 of the Agreement by refusing to reimburse Dubois for defective Mosquito Magnet units subject to warranty.

27. As a result of ABC's refusal to honor its obligations relating to the limited warranties of the product, Dubois declined to pay the compromised balance due on the sales price, since said compromised price failed to reflect credits to which ABC was entitled for defective Mosquito Magnet units in its possession under ABC's warranty.

28. As a result of ABC's breach of the Agreement, Dubois suffered financial injuries in an amount sufficient to vest this Honorable Court with jurisdiction over this matter.

WHEREFORE, Defendants demand compensatory damages plus interest, costs, and attorney's fees pursuant to R.I.G.L. §9-1-45 and any other relief that this Court deems meet and proper.

Date: February 13, 2006

Dubois Marine Specialties, Ltd.
by its attorneys,
McIntyre, Tate, Lynch & Holt

______________________________
David J. Strachman #4404
Robert S. Parker #3152
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the 13 day of February, 2006, I mailed a true copy of the within to:

Justin T. Shay, Esquire
Joseph A. Anesta, Esquire
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

Murdoch MacKay
Duboff Edwards Haight & Schachter
1900 – 155 Carlton Street
Winnipeg, Manitoba
Canada R3C 3H8

______________________________