UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICAN BIOPHYSICS CORP., Plaintiff | : | |
| v. | : | C.A. No. 05-321T |
| DUBOIS MARINE SPECIALTIES, Defendant. | : | |

**REPLY**

Now comes the Plaintiff, American Biophysics Corp. ("Plaintiff"), and for its reply to the Amended Counterclaim (the "Counterclaim") of Defendant, Dubois Marine Specialties ("Defendant"), states as follows:

**FIRST DEFENSE**

1. Plaintiff is without sufficient knowledge to admit or deny the allegations of Paragraph 1 of Defendant's Counterclaim, but leaves Defendant to its proof thereof.

2. Plaintiff denies the allegations of Paragraph 2 of Defendant's Counterclaim.

3. Plaintiff admits the allegations of Paragraph 3 of Defendant's Counterclaim.

4. Plaintiff hereby incorporates by reference its answers to Paragraphs 1 through 3 of Defendant's Counterclaim, as if fully set forth herein.

5. Plaintiff denies the allegations of Paragraph 5 of Defendant's Counterclaim.

6. Plaintiff denies the allegations of Paragraph 6 of Defendant's Counterclaim.

7. Plaintiff denies the allegations of Paragraph 7 of Defendant's Counterclaim.

8. Plaintiff denies the allegations of Paragraph 8 of Defendant's Counterclaim.

9. Plaintiff denies the allegations of Paragraph 9 of Defendant's Counterclaim.

10. Plaintiff denies the allegations of Paragraph 10 of Defendant's Counterclaim.

11. Plaintiff denies the allegations of Paragraph 11 of Defendant's Counterclaim.

12. Plaintiff denies the allegations of Paragraph 12 of Defendant's Counterclaim.

13. Plaintiff hereby incorporates by reference its answers to Paragraphs 1 through 12 of Defendant's Counterclaim as if fully set forth herein.

14. Plaintiff denies the allegations of Paragraph 14 of Defendant's Counterclaim.

15. Plaintiff denies the allegations of Paragraph 15 of Defendant's Counterclaim.

16. Plaintiff denies the allegations of Paragraph 16 of Defendant's Counterclaim.

17. Plaintiff denies the allegations of Paragraph 17 of Defendant's Counterclaim.

18. Plaintiff admits that the Agreement was not exclusive. Plaintiff denies the remaining allegations of Paragraph 18 of Defendant's Counterclaim.

19. Plaintiff denies the allegations of Paragraph 19 of Defendant's Counterclaim.

20. Plaintiff denies the allegations of Paragraph 20 of Defendant's Counterclaim.

21. Plaintiff denies the allegations of Paragraph 21 of Defendant's Counterclaim.

22. Plaintiff denies the allegations of Paragraph 22 of Defendant's Counterclaim.

23. In that the allegations of Paragraph 23 of Defendant's Counterclaim set forth a conclusion of law, Plaintiff neither admits nor denies same. Should the allegations of Paragraph 23 of Defendant's Counterclaim be construed in such a manner as to prejudice Plaintiff, same are hereby denied.

24. Plaintiff denies the allegations of Paragraph 24 of Defendant's Counterclaim.

25. Plaintiff admits the allegations of Paragraph 25 of Defendant's Counterclaim.

26. Plaintiff denies the allegations of Paragraph 26 of Defendant's Counterclaim.

27. Plaintiff denies the allegations of Paragraph 27 of Defendant's Counterclaim.

28. Plaintiff denies the allegations of Paragraph 28 of Defendant's Counterclaim.

29. Plaintiff denies the allegations of Paragraph 29 of Defendant's Counterclaim.

30. Plaintiff denies the allegations of Paragraph 30 of Defendant's Counterclaim.

31. Plaintiff denies the allegations of Paragraph 31 of Defendant's Counterclaim.

32. Plaintiff admits the allegations of Paragraph 32 of Defendant's Counterclaim.

33. Plaintiff denies the allegations of Paragraph 33 of Defendant's Counterclaim.

34. Plaintiff pleads that the Agreement referred to in Paragraph 34 of Defendant's Counterclaim speaks for itself and, therefore, neither admits nor denies the allegations contained therein. Should the allegations of Paragraph 34 of Defendant's Counterclaim be construed in such a manner as to prejudice Plaintiff, same are hereby denied.

35. Plaintiff denies the allegations of Paragraph 35 of Defendant's Counterclaim.

36. Plaintiff denies the allegations of Paragraph 36 of Defendant's Counterclaim.

37. Plaintiff denies the allegations of Paragraph 37 of Defendant's Counterclaim.

38. Plaintiff pleads that the Agreement referred to in Paragraph 38 of Defendant's Counterclaim speaks for itself and, therefore, neither admits nor denies the allegations contained therein. Should the allegations of Paragraph 38 of Defendant's Counterclaim be construed in such a manner as to prejudice Plaintiff, same are hereby denied.

39. Plaintiff pleads that the Agreement referred to in Paragraph 39 of Defendant's Counterclaim speaks for itself and, therefore, neither admits nor denies the allegations contained therein. Should the allegations of Paragraph 39 of Defendant's Counterclaim be construed in such a manner as to prejudice Plaintiff, same are hereby denied.

40. Plaintiff pleads that the Agreement referred to in Paragraph 40 of Defendant's Counterclaim speaks for itself and, therefore, neither admits nor denies the allegations contained therein. Should the allegations of Paragraph 40 of Defendant's Counterclaim be construed in such a manner as to prejudice Plaintiff, same are hereby denied.

41. Plaintiff denies the allegations of Paragraph 41 of Defendant's Counterclaim.

42. Plaintiff denies the allegations of Paragraph 42 of Defendant's Counterclaim.

**SECOND DEFENSE**

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff hereby affirmatively pleads the defense of the parol evidence rule.

**FOURTH DEFENSE**

Any damage, loss or injury sustained by Defendant, which damage, loss or injury is hereby expressly denied, was the direct and proximate result of the acts, omissions or failures to act on the part of Defendant and/or those acting on its behalf.

**FIFTH DEFENSE**

Any damage, loss or injury sustained by Defendant, which damage, loss or injury is hereby expressly denied, was the direct and proximate result of the acts, omissions or failures to act on the part of persons, firms or corporations over whom Plaintiff has and had no control and/or no right to control.

**SIXTH DEFENSE**

Plaintiff pleads the defenses of *General Laws of Rhode Island* § 6A-2-607.

**SEVENTH DEFENSE**

Plaintiff affirmatively pleads the defense of waiver.

**EIGHTH DEFENSE**

Plaintiff affirmatively pleads the defense of estoppel.

**NINTH DEFENSE**

Plaintiff affirmatively pleads failure to mitigate damages on the part of Defendant.

**TENTH DEFENSE**

Plaintiff affirmatively pleads the defense of *General Laws of Rhode Island* § 9-1-14 (a).

**ELEVENTH DEFENSE**

Any damages sustained by Defendant, which damages are expressly denied, are the result of intervening or superseding events, factors, occurrence or conditions which were not caused by Plaintiff, and for which Plaintiff is not liable.

**TWELFTH DEFENSE**

Plaintiff affirmatively pleads the defense of breach by Defendant.

**THIRTEENTH DEFENSE**

Plaintiff affirmatively pleads Defendant's failure to abide by applicable provisions for warranty claims pursuant to contract and applicable law.

**FOURTEENTH DEFENSE**

Plaintiff affirmatively pleads the defense of setoff.

**FIFTEENTH DEFENSE**

Plaintiff affirmatively pleads lack of reasonable reliance by Defendant.

**SIXTEENTH DEFENSE**

Plaintiff affirmatively pleads lack of scienter.

**SEVENTEENTH DEFENSE**

Plaintiff affirmatively pleads lack of good faith on the part of Defendant in its dealings with Plaintiff.

WHEREFORE, Plaintiff, American Biophysics Corp., prays this Honorable Court that Defendant, Dubois Marine Specialties' Counterclaim be denied and dismissed and that it be given judgment per its Complaint, plus interest, costs and attorneys' fees.

Plaintiff/Counterclaim Defendant

AMERICAN BIOPHYSICS CORP.,

By Its Attorneys,

Justin T. Shay (#2781)
Charles S. Beal (#5559)
Joseph A. Anesta (#3020)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: March 22, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2006, a true copy of the within was sent, via first-class mail, postage prepaid, to the following:

David J. Strachman, Esq.
McIntyre, Tate, Lynch & Holt
321 South Main Street
Suite 400
Providence, Rhode Island 02903

G:\cmc\AmericanBio\Dubois\pldgs\reply.doc