UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICAN BIOPHYSICS CORP. *Plaintiff* | ) | |
| vs | ) | Case No: 05-321T |
| DUBOIS MARINE SPECIALTIES *Defendant* | ) | |

**MOTION TO WITHDRAW**

Now comes Robert S. Parker, Esquire, David J. Strachman, Esquire and McIntyre, Tate & Lynch, LLP and hereby move this Honorable Court for an Order allowing them to withdraw as counsel for the Defendant, Dubois Marine Specialties, Inc. For grounds, movants hereby incorporate by reference the accompanying memorandum of law and affidavit.

Robert S. Parker, Esquire #3152

David J. Strachman, Esquire #4404
*McIntyre, Tate & Lynch, LLP*
321 South Main Street, Suite 400
Providence, Rhode Island 02903
(401) 351-7700
Fax: (401) 331-6095
***Attorneys for Defendant***

## CERTIFICATION

The undersigned hereby certifies that a true copy of the within *Motion to Withdraw* was sent by regular mail, postage prepaid on this 26th day of July, 2006, to:

Justin T. Shay, Esquire
Joseph A. Anesta, Esquire
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

Murdoch MacKay
Duboff Edwards Haight & Schachter
1900 – 155 Carlton Street
Winnipeg, Manitoba
Canada R3C 3H8

**By regular mail & certified mail/return receipt requested to:**

John Dubois
Dubois Marine Specialties
8184 Henderson Highway North
Box 5, Group 314, R.R. #3
Selkirk, Manitoba
Canada R1A 2A8

Patricia B. Johnston

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICAN BIOPHYSICS CORP. | ) | |
| *Plaintiff* | ) | |
| | ) | |
| vs | ) | Case No: 05-321T |
| | ) | |
| DUBOIS MARINE SPECIALTIES | ) | |
| *Defendant* | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW PURSUANT TO USDC LOCAL RULE 206(e)(2)**

Movants aver that they have received notice from the Defendant indicating that it wishes the firm to take no further action in this matter on its behalf be it to defend the complaint or to prosecute the counterclaim. Defendant has further requested that counsel file this motion to withdraw.

Attached to this memorandum is an affidavit attesting to the fact that Dubois Marine Specialties, Inc. is not in the military service of the United States as defined in the Soldiers' and Sailors' Relief Act [50 App. U.S.C. §501 et seq.], as amended.

Counsel further certifies that the client has been notified of the motion by both regular mail postage prepaid and by certified mail, return receipt requested as well as by facsimile copy at its last known address of John Dubois, Dubois Marine Specialties, 8184 Henderson Highway North, Box 5, Group 314, R.R. #3, Selkirk, Manitoba Canada R1A 2A8. The facsimile receipt indicates satisfactory transmission of the notice.

Further, the client has been advised that it may object to the motion and that any failure or delay in retaining substitute counsel may not be considered grounds for delaying the trial or any other matters scheduled in this case.

Client's current address is Dubois Marine Specialties 8184 Henderson Highway North, Box 5, Group 314, R.R. #3, Selkirk, Manitoba Canada R1A 2A8.

Counsel confirms that they have spoken to the president to the corporation, John Dubois, who has acknowledged receipt of the notice, memorandum and motion to withdraw.

Further, there are no pending motions in this action, nor is the matter scheduled for trial. (See attached Scheduling Order – Nonjury Case).

Respectfully submitted,

Robert S. Parker, Esquire #3152

David J. Strachman, Esquire #4044
*McIntyre, Tate & Lynch, LLP*
321 South Main Street, Suite 400
Providence, Rhode Island 02903
(401) 351-7700
Fax: (401) 331-6095

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within *Memorandum of Law in Support of Motion to Withdraw* was sent by regular mail, postage prepaid on this 26th day of July, 2006, to:

Justin T. Shay, Esquire
Joseph A. Anesta, Esquire
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

Murdoch MacKay
Duboff Edwards Haight & Schachter
1900 – 155 Carlton Street
Winnipeg, Manitoba
Canada R3C 3H8

**By regular mail & certified mail/return receipt requested to:**

John Dubois
Dubois Marine Specialties
8184 Henderson Highway North
Box 5, Group 314, R.R. #3
Selkirk, Manitoba
Canada R1A 2A8

Patricia B. Johnston

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. John Dubois
Dubois Marine Specialties
8184 Henderson Highway North
Box 5, Group 314, R.R. #3
Selkirk, Manitoba
Canada R1A 2A8

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)* B. Date of Delivery

C. Signature
X ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Copy from service label)* 7099 3400 0009 4580 4091

PS Form 3811, July 1999 Domestic Return Receipt 102595-99-M-1789

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7099 3400 0009 4580 4091

7099 3400 0009 4580 4091

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Article Sent To:
John Dubois, Dubois Marine Specialties

| | |
|---|---|
| Postage | $ 1.30 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $5.55 |

Postmark Here

7/26/06

Name *(Please Print Clearly) (to be completed by mailer)* 8184 Henderson Highway North
Street, Apt. No.; or PO Box No. Box 5, Group 314, R.R. #3
City, State, ZIP+4 Selkirk Manitoba Canada R1A 2A8

PS Form 3800, July 1999 See Reverse for Instructions

Transmit Report P.1

07/26/2006 09:10
40LE14431
TC:225298

| REMOTE STATION | START | TIME | Pages | RESULT | REMARKS |
|---|---|---|---|---|---|
| 12047579448 | 07-26 09:04 | 00:06 45 | 016/016 | OK | |

REMARKS TMR:Timer, POL:Poll, TRN:Turn around, 2IN:2in1 Tx, ORG:Original size set, DPG:Book Tx
FME:Frame erase Tx, MIX:Mixed original, CALL:Manual-Com, KRDS:KRDS, FWD:FORWARD
FLP:Flip Side 2, SP:Special Original
FCODE:Fcode, MBX:Confidential, BUL:Bulletin, RLY:Relay, RTX:Re-Tx, PC:PC-FAX
S-OK:Stop communication, Busy:Busy, Cont.:Continue, No ans:No answer
M-full:Memory full, PW-OFF:Power switch OFF, TEL:Rx from TEL

**McINTYRE, TATE & LYNCH, LLP**

**Counselors at Law**

The Heritage Building

Suite 400 321 South Main Street Providence, RI 02903

401 351-7700 FAX 401 331-6095

Jerry L. McIntyre
Deborah Miller Tate
William J. Lynch
David J. Strachman
Robert S. Parker

TELECOPIER TRANSMITTAL COVER SHEET

DATE: July 26, 2006

DELIVER TO: John Dubois/Dubois Marine Specialties

TELECOPIER NO.: 204-757-9448

TELEPHONE NO.:

SENT BY: Robert S. Parker, Esq.

NUMBER OF PAGES INCLUDING COVER SHEET: - 15 -

COMMENT: *Re: ABC v. Dubois Marine Specialties*

Please see attached documentation and correspondence relative to the above entitled matter.

The documents accompanying this telecopy transmission contain information from the law firm of McIntyre, Tate, Lynch & Holt which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this telecopied information is prohibited. If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

IF YOU HAVE ANY QUESTIONS ABOUT THIS TRANSMISSION
PLEASE CALL (401) 351-7700 ext 246 AND ASK FOR Pat

**MCINTYRE, TATE & LYNCH, LLP**

**Counselors at Law**

The Heritage Building

Suite 400 321 South Main Street Providence, RI 02903

401 351-7700 FAX 401 331-6095

Jerry L. McIntyre
Deborah Miller Tate
William J. Lynch
David J. Strachman
Robert S. Parker

TELECOPIER TRANSMITTAL COVER SHEET

DATE: July 26, 2006

DELIVER TO: John Dubois/Dubois Marine Specialties

TELECOPIER NO.: 204-757-9448

TELEPHONE NO.:

SENT BY: Robert S. Parker, Esq.

NUMBER OF PAGES
INCLUDING COVER SHEET: - 15 -

COMMENT: ***Re: ABC v. Dubois Marine Specialties***

Please see attached documentation and correspondence relative to the above entitled matter.

The documents accompanying this telecopy transmission contain information from the law firm of McIntyre, Tate, Lynch & Holt which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this telecopied information is prohibited. If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

IF YOU HAVE ANY QUESTIONS ABOUT THIS TRANSMISSION
PLEASE CALL (401) 351-7700 ext _246___ AND ASK FOR___Pat_______

MCINTYRE, TATE
& LYNCH LLP
COUNSELLORS AT LAW

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN*
ROBERT S. PARKER*

Also member
† New York Bar
* Massachusetts Bar
Δ Florida Bar

July 25, 2006

John Dubois
Dubois Marine Specialties
8184 Henderson Highway North
Box 5, Group 314, R.R. #3
Selkirk, Manitoba
Canada R1A 2A8

***Re: American Biophysics Corporation v. Dubois Marine Specialties***

Dear Mr. Dubois:

Pursuant to your request, enclosed please find a motion that we intend to file with the Federal District Court seeking to be removed as counsel to Dubois Marine, Inc. in the matter entitled *American Biophysics Corporation v. Dubois Marine Specialties*, Case No: 05-321T. Please be advised that the local rule requires our providing notice that the corporation may object to the motion to withdraw and further that any failure or delay in retaining substitute counsel may not be considered grounds for delaying the trial or any other matters scheduled in the case. As you know, we have filed this motion at your specific request based on your representations that you do not wish this firm to take any further actions with respect to defending Dubois Marine Specialties in the action initiated by *American Biophysics Corporation*, prosecuting Dubois Marine Specialties' counterclaim against American Biophysics and based upon your request to have this firm withdraw as counsel to Dubois Marine Specialties, Inc. in the pending litigation.

Very truly yours,
*McIntyre, Tate & Lynch, LLP*

Robert S. Parker

RSP:pj
Enclosures

SUITE 400 321 SOUTH MAIN STREET PROVIDENCE, RI 02903
401-351-7700 FAX 401-331-6095

Case 1:05-cv-00321-T-DLM Document 13-1 Filed 03/23/2006 Page 1 of 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMERICAN BIOPHYSICS
CORPORATION,
Plaintiff

vs. CIVIL ACTION NO. 05-321T

DUBOIS MARINE SPECIALTIES,

Defendant

## SCHEDULING ORDER - NONJURY CASE

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Closure Date. Discovery in this case shall be closed as of 11/15/06 unless otherwise ordered by the Court. Said date, or such other date as the Court may subsequently specify, shall be referred to as the "Closure Date."

2. Time for Discovery. On or before the Closure Date, all interrogatories and requests for production must be served, and all depositions and other discovery must be completed. No discovery may be conducted after the Closure Date except by agreement of all counsel or by order of the Court. A motion for such an order shall identify the particular discovery sought, the reasons it is necessary, and the reasons why it was not done prior to the Closure Date. Nothing contained in this order shall excuse a party from

its continuing obligation, under the Rules, to update responses to discovery or to respond to discovery requests made before the Closure Date.

3. Expert Witnesses. Any party intending to utilize the testimony of an expert witness shall, upon request, disclose the identity of such witness promptly. If the expert is retained subsequent to such request, disclosure shall be made immediately after retention and before Closure Date. In any event, disclosure shall be made within the times prescribed by Fed.R.Civ.P. 26(a)(2)(C). Any such witness not so disclosed may be barred from testifying unless the Court otherwise directs for good cause shown.

4. Time for Motions. All motions, including motions to amend pleadings, motions for leave to file counterclaims, cross claims or third party complaints, motions to add parties, motions for summary judgment, motions for judgment on the pleadings, and motions to dismiss, shall be filed promptly after counsel discovers, or should have discovered, the bases for such motions.

No motion, other than a motion for summary judgment; a motion to modify this Order or a motion to compel compliance with a discovery request made prior to the Closure Date, may be filed after the Closure Date.

A motion for summary judgment may not be made more than 20 days after the Closure Date.

5. Filing of Motions in General. All motions and objections to motions shall be made in accordance with the provisions of LR

Cv. 7. Motions for summary judgment also shall comply with the requirement of LR Cv. 56.

Documents, other than memoranda of law or statements of undisputed facts, shall be submitted with a motion or objection only if the contents of the document are disputed and necessary to decide the motion and, then, only to the extent that references to specific portions of said documents are made in the accompanying memorandum.

6. Page Limits. Unless otherwise permitted, for good cause shown, documents filed with the Court shall not exceed the applicable page limits set forth in the attached Appendix A.

Any request to exceed these page limits shall be in the form of a motion which shall specify the reason(s) why additional pages are necessary and the number of pages in the document(s) that the movant seeks to file.

7. Prerequisites to Filing Motions for Summary Judgment.

No motion for summary judgment may be filed until counsel proposing to file such motion has, first, conferred with the Court and other counsel for the purpose of discussing the need for and the utility of the proposed motion. The matters that counsel should be prepared to address at that conference shall include: the nature of the proposed motion; the "undisputed" facts upon which it is based; how many of the counts and/or issues the motion would resolve; whether and to what extent the non-moving party contests the motion and the "undisputed" facts asserted and whether

the matters in question can be resolved more simply, less expensively and more expeditiously through a trial. Prior to requesting such a conference, counsel for the proponent shall inform opposing counsel of the nature of the proposed motion and the "undisputed" facts upon which it is based. Counsel for the opponents shall inform counsel for the proponent whether, and to what extent, they oppose the motion and dispute the "facts" upon which the motion is based. Such discussion shall be initiated by counsel that proposes to file the motion who, by requesting a conference, will certify that he or she has complied with the provisions of this paragraph.

8. Addition of Parties. If any party is added to the case after the date of this Order, it shall be the duty of counsel responsible for adding such party to promptly serve a copy of this Order upon such party or its counsel. This Order shall be binding upon such party unless subsequently modified by the Court, at the request of such party, or, otherwise.

9. Duty to Confer. Within 10 days after the Closure Date, counsel for all parties shall confer and make a diligent, good faith effort to settle the case. Such effort shall include the presentation of a demand by each claimant of the terms it would accept in satisfaction of its claim and the presentation of an offer by each party against whom a claim is made of what it is willing to tender to resolve such claim.

It shall be the duty of plaintiff's counsel to initiate this

conference, and it shall be the duty of other counsel to respond promptly. If any counsel is unable to obtain the cooperation of any other counsel, it shall be his or her duty to immediately communicate that fact, in writing, to the Court.

By Order,

Deputy Clerk

ENTER:

Ernest C. Torres
Chief Judge
Date: 3/22/06

## Appendix A – Page Limits

Unless otherwise permitted, by the Court, for good cause shown, documents filed in support of or in opposition to any motion or appeal shall not exceed the following page limits:

1. Memoranda of Law. A memorandum of law in support of or in opposition to a motion shall not exceed ten (10) pages; provided, however, that memoranda in support of or in opposition to motions to dismiss, motions for summary judgment, a magistrate judge's Report and Recommendation, a bankruptcy appeal or an administrative appeal shall not exceed twenty (20) pages. Reply memoranda may not exceed five (5) pages.

2. Statements of Undisputed Fact. Statements of undisputed facts relating to motions for summary judgment shall not exceed ten (10) pages.

3. Appendices, Exhibits and Other Supporting Documents. Except as provided in paragraph 4, appendices, exhibits and any other documents whatsoever, regardless of how they are denominated, shall not exceed ten (10) pages in the aggregate; or, in the case of a motion for summary judgment, twenty (20) pages in addition to any statement of undisputed facts.

4. Exceptions to Page Limitations. The page limitations on memoranda shall apply in all cases. The page limitations on appendices, exhibits and other supporting documents shall not apply to:

   a. The record in:
      i. Bankruptcy appeals
      ii. Cases alleging wrongful denial of ERISA benefits
      iii. Administrative appeals, including, but not limited to Social Security appeals and IDEA appeals
      iv. Any other case involving an appeal from an administrative body in which the Court is required to review the entire record or a substantial portion of the record of the proceeding below.

   b. Discovery documents submitted with a motion to compel discovery to the extent necessary to inform the Court of the requests and responses that were made.

   c. Transcripts of court proceedings submitted in connection with prisoner petitions pursuant to 28 U.S.C. §§ 2241, 2254 and/or § 2255.

   d. Exhibit Lists, Copies of Exhibits, Requested Jury Instructions and any Other Documents Required to be Filed in Connection with Pretrial Memoranda.