UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICAN BIOPHYSICS CORP.,<br>Plaintiff | : | |
| v. | : | C.A. No. 05-321T |
| DUBOIS MARINE SPECIALTIES,<br>Defendant | : | |

**NOTICE OF RECEIVERSHIP**

Notice is hereby placed upon the record that Jonathan N. Savage, Esq. has been appointed Receiver of Plaintiff, American Biophysics Corp., by Order of the Washington County Superior Court, Civil Action No. WM06-708. A copy of the Notice to All Creditors and Parties in Interest and Order are annexed hereto.

/s/ Justin T. Shay

Justin T. Shay (#2781)
Charles S. Beal (#5559)
Joseph A. Anesta (#3020)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: December 19, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December, 2006, a true copy of the within was sent, via first-class mail, postage prepaid, to the following, via first-class mail, postage prepaid:

Jonathan N. Savage, Esq.
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860

Dubois Marine Specialties
8184 Henderson Highway North
Box 5
Group 314
RR #3
Selkirk Manitoba, Canada

/s/ Justin T. Shay

G:\cmc\AmericanBio\Dubois\pldgs\noticereceivership.doc

ATTORNEYS AT LAW
SHECHTMAN
HALPERIN
SAVAGE, LLP
*A Limited Liability Partnership*

December 11, 2006

**NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST**

**RE: American Biophysics Corp.
140 Frenchtown Road
North Kingstown, RI
W.M. No. 06-708**

Dear Sir or Madam:

On November 27, 2006, the Rhode Island Superior Court entered an Order, a copy of which is enclosed, appointing the undersigned Temporary Receiver of the assets and business of American Biophysics Corp. ("American").

A Receivership is a state court insolvency proceeding. A Receiver is an officer of the Court, appointed for the purpose of representing the interests of all creditors. Our office does not and has not represented American or its principals, and has been appointed as a neutral, impartial Receiver for the purpose of stabilizing American's financial affairs and ultimately marketing and selling American's business and assets for the highest value with the purpose of maximizing recovery for creditors.

No private sale of assets, no approval of secured or any other claims, and no distribution to creditors will take place without notice to all creditors and other parties in interest who file a Proof of Claim with the Receiver and after a hearing thereon before the Rhode Island Superior Court.

Please note that a hearing with respect to the appointment of a Permanent Receiver is scheduled for **January 3, 2007, at 9:30 a.m.** in the Washington County Superior Court. You will receive a Proof of Claim to be completed along with additional instructions within a few weeks following the appointment of Permanent Receiver. Creditors and other interested parties are welcome to attend, **but are not required to do so.**

In connection with the Receivership, as set forth in Paragraph 7 of the enclosed Order, creditors are restrained and enjoined from taking any action to enforce any and all claims that they may be entitled to assert against American and/or its assets.

If you have any questions regarding any aspect of the foregoing, please feel free to contact the undersigned or Stephen Del Sesto at (401) 272-1400. Attorney Del Sesto and I will be fielding administrative questions in connection with the Receivership Proceeding.

Very truly yours,

Jonathan N. Savage, Receiver
American Biophysics Corp.

STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

JOSEPH J. WHITE
Petitioner,

Vs.

W.M. No. 06-708

AMERICAN BIOPHYSICS CORP.
Respondent

**ORDER APPOINTING TEMPORARY RECEIVER**

This cause came on to be heard upon the Petitioner's Petition for Appointment of a Receiver and, upon consideration thereof, it is hereby

**ORDERED, ADJUDGED AND DECREED**

1. That Jonathan Savage Esq., of Providence, Rhode Island be and hereby is appointed Temporary Receiver (the "Receiver"). of the Respondent.

2. That said Receiver shall, no later than five (5) days from the date hereof, file a bond in the sum of $10,000.00 with any surety company authorized to do business in the State of Rhode Island as surety thereon, conditioned that the Receiver will well and truly perform the duties of said office and duly account for all monies and property which may come into the Receiver's hands and abide by and perform all things which the Receiver will be directed to do by this Court.

3. That said Receiver is authorized to take possession and charge of the property and assets of the Respondent, to collect the debts and property belonging to it and to preserve the same until further Order of this Court.

4. That said Receiver is authorized, until further Order of this Court, in the Receiver's discretion and as said Receiver deems appropriate and advisable, to conduct the business of said Respondent, to borrow money from time to time, to purchase, for cash or upon credit, merchandise, materials and other property, to engage appraisers and/or employees and assistants, clerical or otherwise, and to pay all such individuals and entities in the usual course of business, and to do and perform or cause to be done and performed all other acts and things as are appropriate in the premises.

5. That, pursuant to and in compliance with Rhode Island Supreme Court Executive Order No. 95-01, this Court finds that the designation of the aforedescribed person for appointment as Receiver herein is warranted and required because of the Receiver's specialized expertise and experience in operating businesses in Receivership and in administrating non-routine Receiverships which involve unusual or complex legal, financial, or business issues.

True Copy Attest
C. R. [signature]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

6. That the Receiver is hereby authorized and empowered to sell at public auction any or all of the assets of the Respondent. The Receiver is also authorized to engage an auctioneer and to insert such display ads within or without the State of Rhode Island as the Receiver deems proper advertising for such sale. Such a public auction sale conducted by said Receiver in accordance with the Provisions of this paragraph shall be considered and is hereby declared to be a commercially reasonable sale, and such sale shall constitute compliance with the requirements of a commercially reasonable sale as set forth in Article 9 of the Uniform Commercial Code as enacted in Rhode Island.

7. That the commencement, prosecution, or continuance of the prosecution, of any action, suit, arbitration proceeding, hearing, or any foreclosure, reclamation or repossession proceeding, both judicial and non-judicial, or any other proceeding, in law, or in equity or under any statute, or otherwise, against said Respondent or any of its property, in any Court, agency, tribunal, or elsewhere, or before any arbitrator, or otherwise by any creditor, stockholder, corporation, partnership or any other person, or the levy of any attachment, execution or other process upon or against any property of said Respondent, or the taking or attempting to take into possession any property in the possession of the Respondent or of which the Respondent has the right to possession, or the cancellation at any time during the Receivership proceeding herein of any insurance policy, lease or other contract with Respondent, by any of such parties as aforesaid, other than the Receiver designated as aforesaid, or the termination of telephone, electric, gas or other utility service to Respondent, by any public utility, without obtaining prior approval thereof from this Honorable Court, in which connection said Receiver shall be entitled to prior notice and an opportunity to be heard, are hereby restrained and enjoined until further Order of this Court.

8. That a Citation be issued to said Respondent, returnable to the Superior Court sitting at Wakefield Rhode Island on Jan. 3rd, 2007, at 9:30 a.m. at which time and place this cause is set down for Hearing on the prayer for the Appointment of a Permanent Receiver; that the Clerk of this Court shall give Notice of the pendency of the Petition herein by publishing this Order Appointing Temporary Receiver once in The Providence Journal on or before December 1st, 2006, and the Receiver shall give further notice by mailing, on or before December 12, 2006, a copy of said Order Appointing Temporary Receiver to each of Respondent's creditors and stockholders whose address is known or may become known to the Receiver.

ENTERED as an Order of this Court this 27th day of November, 2006.

ENTER:

Nugent, J

Associate Justice
Dated: 11-27-06

BY ORDER:

[signature]

Clerk, Superior Court

True Copy Attest

[signature]

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island